**Nancy Sue RICKER, Plaintiff–Appellant,**

v.

**FOOD LION, INC., Defendant–Appellee.**

No. 99–5488.

United States Court of Appeals, Sixth Circuit.

Jan. 23, 2001.

Before KENNEDY, NORRIS, and COLE, Circuit Judges.

## OPINION

R. GUY COLE, JR., Circuit Judge.

Plaintiff–Appellant Nancy Sue Ricker filed suit against her former employer. Defendant–Appellee Food Lion. Inc., alleging unlawful age and sex discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 to 634, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e–17. The district court granted Food Lion's motion for summary judgment, holding that even assuming Ricker presented a prima facie case of discrimination, she failed to show that Food Lion's proffered reason for her termination was in fact a pretext for unlawful discrimination. The district court denied Ricker's subsequent motion to reconsider, alter, or amend the judgment, in which Ricker argued that the district court erred in declining to consider the cause determination issued by the Equal Employment Opportunity Commission ("EEOC") in its decision granting Food Lion summary judgment. For the reasons that follow, we AFFIRM the judgment of the district court.

## BACKGROUND

### I.  Facts

Ricker was employed at Giant Food Market when Food Lion purchased Giant

on December 31, 1984. In April 1988, when Ricker was 41 years old, Food Lion promoted Ricker to the position of Customer Service Manager, where she remained under the supervision of Rural Johnson until December 1992. Ricker admits that Johnson was "relaxed" with respect to enforcing Food Lion's rules and regulations. On July 5, 1993, Jim Mathis became the new store manager and replaced Johnson as Ricker's supervisor. Ricker testified that Mathis strictly enforced the store's rules and regulations, that he "played it by the book." It was under Mathis's supervision that Ricker began to receive poor performance evaluations:

(1) On July 29, 1993, Mathis issued Ricker a written reprimand, citing her for failure to maintain front-end cleanliness of the store, improper scheduling of employees, and non-compliance with the store's policies on bank deposits;

(2) On August 6, 1993, Mathis issued Ricker a second written reprimand, again citing her for failure to maintain front-end cleanliness and improper training of employees;

(3) On August 12, 1993, Mathis issued Ricker a third written reprimand, again citing her for failure to maintain front-end cleanliness and improper training of employees; this third reprimand resulted in Ricker's placement on disciplinary suspension from August 14 to August 20 in accordance with Food Lion's progressive discipline system; Ricker returned to work on August 21;

(4) On August 30, 1993, Mathis met with Ricker to discuss her continued performance deficiencies, noting that she still neglected proper employee training and exhibited a general uncaring attitude about the store; Mathis then terminated Ricker, who was 46 years old at the time.

On November 29, 1993, Ricker filed a charge of age and sex discrimination with the Tennessee Human Rights Commission and the EEOC. In January 1996, the EEOC issued a determination on Ricker's charge, finding an ADEA violation but no Title VII violation. After conciliation efforts failed, the EEOC issued Ricker a right-to-sue letter, and on April 7, 1997, Ricker filed suit.

## II. District Court Determination

In evaluating Food Lion's motion for summary judgment, the district court held that even assuming Ricker could establish a prima facie case of discrimination, she failed to present significant, probative evidence that Food Lion's proffered reason for her termination, *i.e.*, poor performance evaluations, was in fact a pretext for discrimination. Ricker claimed pretext insofar as Food Lion's proffered reason for her termination was "insufficient to motivate discharge" because other employees outside the protected class engaged in substantially identical conduct and were not terminated. *See Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1084 (6th Cir.1994). To support this claim, Ricker directed the district court to three items of evidence: her sworn complaint, her affidavit, and the EEOC cause determination.[1] Relying on our decision in *EEOC v. Ford Motor Co.*, 98 F.3d 1341, 1996 WL 557800 (6th Cir. Sept. 30, 1996) (unpublished), the district court refused to consider the EEOC cause determination as evidence of pretext, holding:

of; rather, it simply incorporates by reference Ricker's complaint, affidavit, and the EEOC cause determination.

---

**1.** Ricker's response in opposition to Food Lion's motion for summary judgment does not include a memorandum in support there-

While Ricker may resist summary judgment by presenting evidence that is not in an admissible form, the evidence itself must still be admissible at trial. *See North American Specialty Ins. Co. v. Myers,* 111 F.3d 1273, 1283 (6th Cir. 1997). Since the EEOC determination would serve no purpose, this evidence would not be admissible at trial and thus, the Court has not considered the determination in deciding the motion for summary judgment. The Court has considered Ricker's affidavit and sworn complaint, but finds these documents fail to establish sufficient evidence of pretext.

(citing *Ford Motor,* 1996 WL 557800, at *9–*10 ("Examining the nature of an EEOC cause determination leads to the conclusion that the district courts should be free to adopt a general rule that refuses to admit these cause determinations in any sort of trial, whether to a court or to a jury.")).

In determining that Ricker failed to set forth any genuine issue of material fact with regard to pretext, the district court considered the four Food Lion employees alleged to have been retained despite engaging in substantially identical conduct: Martel Bible, Scott Simmons, Murray Edwards, and Sandra "Dee Dee" Kimbrough.[2] The district court found that Food Lion's treatment of Bible and Simmons was not comparable to its treatment of Ricker because there was no evidence to indicate that the performance deficiencies of Bible and Simmons rose to the level of Ricker's deficiencies. Specifically, Ricker had numerous deficiencies on her termination report, including four reprimands for the same or similar infraction; she presented no evidence establishing that Bible and Simmons likewise had numerous deficiencies, documented or otherwise, or numerous reprimands for the same or similar infraction.

With regard to Murray Edwards, Ricker claims that Edwards was "written up three time but was not suspended or discharged." As an Assistant Manager, however, Edwards was a salaried, exempt employee while Ricker was an hourly, nonexempt employee; thus, they were subject to different disciplinary procedures. Following his second written reprimand, Edwards was placed on a 30–day review period, as it was the store's practice to place salaried employees on a 30–day review period rather than on disciplinary suspension. The evidence further establishes that at the time Edwards received his third written reprimand, he requested a transfer to a store with less volume, explaining that he thought the transfer would solve some of his performance problems. Edwards received the transfer and was not reprimanded a fourth time. Ricker, on the other hand, did not discuss possible solutions to her performance problems and was terminated only after receiving four reprimands.

Finally, Dee Dee Kimbrough received five written reprimands, the fifth of which was combined with a disciplinary suspension, followed by a demotion. Ricker claims that the fact that Kimbrough was not terminated despite engaging in substantially similar conduct supports her showing of pretext. Food Lion contends that Kimbrough's termination was not warranted under the store's progressive discipline guidelines because her deficien-

2. Ricker failed to name any of these employees in her complaint and named only Bible and Simmons in her affidavit. The district court nevertheless considered Ricker's deposition testimony regarding Food Lion's disciplinary treatment of Edwards and Kimbrough, despite the fact that Ricker never submitted this evidence to the court in her response to Food Lion's motion for summary judgment.

cies were not the same or similar in nature. Kimbrough's first and fourth infractions involved a cash shortage and a vendor delivery ticket, while her second, third, and fifth infractions involved failure to maintain front-end cleanliness. Because Kimbrough was cited three times for the same infraction, *i.e.,* failure to maintain front-end cleanliness, she was suspended, and because she was not reprimanded a fourth time for the same or similar infraction, as was Ricker, she was not terminated. Thus, it appears that Food Lion consistently applied its progressive discipline policy to both Ricker and Kimbrough.

On appeal, Ricker does not challenge the district court's factual findings, legal conclusions, or applicable law going to the actual merits of her suit. She argues only that the district court erred in declining to admit into evidence the EEOC cause determination and that such evidence would have created a genuine issue of material fact on the question of pretext. We hold that Ricker's appeal is without merit.

## DISCUSSION

The standard for reviewing a district court's decision to exclude as evidence an EEOC cause determination is somewhat unclear in this circuit. In *Milhous v. Metropolitan Gov't of Nashville & Davidson Co.,* 221 F.3d 1335, 2000 WL 876396, (6th Cir. June 21, 2000) (unpublished), we recently noted:

> It appears that in this circuit the decision to admit an EEOC determination into evidence is reviewed under an abuse of discretion standard. *See Heard v. Mueller Co.,* 464 F.2d 190 (6th Cir.1972). However, in the unpublished decision of *EEOC v. Ford Motor Co.,* No. 95–3019, 1996 WL 557800, at *12 (6th Cir. Sept. 30, 1996), a panel of this court held "a district court does not err as a matter of

law by categorically refusing to admit EEOC cause determinations in either bench and [sic] jury trials."

*Id.* at *2 n. 2. In *Heard,* this Court held that the admissibility of an EEOC cause determination is within the sound discretion of the district court. *See Heard,* 464 F.2d at 194; *see also Williams v. Nashville Network,* 132 F.3d 1123, 1129 (6th Cir.1997) (holding that district court did not abuse its discretion in excluding EEOC cause determination because plaintiff failed to articulate any persuasive rationale for admitting the document and the document had little, if any, probative value); *cf. Weems v. Ball Metal and Chemical Div., Inc.,* 753 F.2d 527, 528 n. 1 (6th Cir.1985) (holding that the EEOC cause determination, "in the sound discretion of the trial court, may be admitted in evidence"). In *Ford Motor,* however, we revisited the "sound discretion" rule first set forth in *Heard* and held that such a rule "appears to have been adopted merely to avoid a per se admissibility rule, not necessarily to reject a per se inadmissibility rule." *See Ford Motor,* 1996 WL 557800, at *9. Accordingly, *Ford Motor* held that "a district court does not err as a matter of law by categorically refusing to admit EEOC cause determinations in either bench and jury trials." *Id.* at *12.

In any event, the district court here did not abuse its discretion in declining to admit the EEOC cause determination. Despite refusing to consider the document itself, the district court nevertheless considered the same evidence presented to the EEOC, and thus, the cause determination was of little, if any, probative value. *See Williams,* 132 F.3d at 1129. Furthermore, even if the district court should have considered the cause determination, Fed. R.Civ.P. 61 requires us to decide whether such an error was harmless:

232

No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

FED. R. CIV. P. 61. In light of the district court's thorough and well-reasoned findings of fact and legal conclusions, together with the fact that Ricker does not challenge those findings and conclusions on appeal, any error in not admitting the EEOC cause determination was harmless.

CONCLUSION

Accordingly, we AFFIRM the judgment of the district court.